WO                                                                                                           SC

1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                       **FOR THE DISTRICT OF ARIZONA**
8

9    Isiah Romont Hill,                           No.  CV 19-05693-PHX-JAT (CDB)

10                              Plaintiff,

11   v.                                           **ORDER**

12   Arizona Department of Corrections,

13                              Defendant.

14

15          On August 20, 2019, Plaintiff Isiah Romont Hill, who is in the custody of the

16   Arizona Department of Corrections (ADC), filed a "State Court Complaint" in Maricopa

17   County Superior Court case #CV 2019-004926 against several Defendants, including

18   ADC.  (Doc. 1-3 at 3-6.)[1]  In his Complaint, Plaintiff asserted violations of his First through

19   Fourteenth Amendment rights allegedly stemming from the use of excessive force and

20   restrictions on seeing one of his children.  The State of Arizona was served on October 30,

21   2019.[2]  On November 27, 2019, the State and ADC removed the case to this Court based

22   upon federal question subject matter jurisdiction.  (Doc. 1.)

23          On December 5, 2019, Plaintiff filed a motion to strike the notice of removal

24   (Doc. 4), which the Court construed as a motion to remand this case to state court.  On

25

26   _____

27   [1] The citation refers to the document and page number generated by the Court's
     Case Management/Electronic Case Filing system.

28   [2] Although the State of Arizona was not a named Defendant, it was served with the
     Complaint and noted that to the extent Plaintiff sought relief against ADC, the State was
     the real party in interest.

**JDDL**

1   December 9, 2019, Plaintiff filed two notices (Docs. 5 and 6.)  On December 12, 2019,

2   Defendant filed a response to Plaintiff's motion to strike (Doc. 7).  On December 18, 2019,

3   Plaintiff filed a motion to proceed (Doc. 8) and a motion to suppress (Doc. 9).  On January

4   2, 2020, Plaintiff filed an objection to Prison Litigation Reform Act (PLRA) review

5   (Doc. 10) and another notice (Doc. 11).  On January 8, 2020, Plaintiff filed a motion to

6   stay (Doc. 12), and on January 14, 2020, Plaintiff filed a motion for ruling on his motion

7   to suppress (Doc. 13).

8       In a January 28, 2020 Order, the Court overruled Plaintiff's objection to PLRA

9   review of his Complaint,[3] denied his notices to the extent that any relief was sought and

10  denied his motions (Doc. 14).  The Court also dismissed the Complaint with leave to file a

11  first amended complaint because it was not filed on the court-approved form.  (*Id.*)  The

12  Court granted Plaintiff 30 days to file a first amended complaint using this Court's

13  approved form complaint for use by prisoners.  (*Id.*)  The Court expressly warned Plaintiff

14  that failure to use the court-approved form complaint could result in an amended complaint

15  being ordered stricken.  (*Id.* at 3-4.)

16      Plaintiff filed a motion for status seeking the status of his motion to suppress (Doc.

17  15).  The Court granted the motion for status to the extent that it informed him of the status

18  of this action and his motion to suppress.  Plaintiff then filed a "Motion to Strike/or

19  Impeach Submitted Notice of Judged Fact Rule 201" (Doc. 18).  In this motion, Plaintiff

20  asked the Court to strike the removal of this action from the record, which the Court denied

21  (Doc. 21).

22      On February 20, 2020, Plaintiff filed a First Amended Complaint (Doc. 23) but did

23  not use the court-approved form.  Plaintiff also filed a "Motion of Notice of Adjudicated

24  Fact Presented Rule of Evidence 201" (Doc. 24); a motion for entry of default judgment

25  (Doc. 26); a motion to enforce 18 U.S.C. § 2518(9) (Doc. 27); and a motion to stay (Doc.

26  28).  The Court will dismiss the First Amended Complaint for failure to comply with court

27  orders by using the court-approved form and will deny the motions.  The Court will grant

28

[3] *See* 28 U.S.C. § 1915A(a).

Plaintiff an additional opportunity to file an amended complaint using the court-approved form.

## I.      Dismissal for Failure to Use the Court-Approved Form Complaint

Rule 3.4 of the Local Rules of Civil Procedure requires that all complaints **must be filed on a court-approved form** in accordance with the instructions provided with the forms.  The Instructions for completing the court-approved form complaint state in relevant part that:

> The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages.  If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

(Instructions at 1).

The Instructions further provide that:

> 1.  Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.
> 2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.
> 3. Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.
> 4. Injury.  State precisely how you were injured by the alleged violation of your rights.

(Instructions, part C).

Because Plaintiff filed this case in state court, he did not use this Court's approved form complaint for use by prisoners.  In its January 28, 2020 Order, the Court dismissed the Complaint with leave to file an amended complaint using the court-approved form (Doc. 14).  Although Plaintiff filed a First Amended Complaint, he did not use the court-

approved form.  Accordingly, the Court will dismiss the First Amended Complaint for failure to comply with Court Orders.  The Court will grant Plaintiff an additional opportunity to file an amended complaint on the court-approved form.  If Plaintiff fails to comply, any amended complaint may be ordered stricken or dismissed and this case dismissed.

## II.    Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to comply with court orders by using the court-approved form complaint for use by prisoners in compliance with the Instructions.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiency outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  **If Plaintiff fails to use the court-approved form, the Court may strike or dismiss the second amended complaint and dismiss this action without further notice to Plaintiff.**

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## III.    Plaintiff's Motions

As noted above, Plaintiff has filed a "Motion of Notice of Adjudicated Fact

Presented Rule of Evidence 201" (Doc. 24), a motion for entry of default judgment (Doc. 26), a motion to enforce 18 U.S.C. § 2518(9) (Doc. 27), and a motion to stay (Doc. 28).

### A.     Motion of Adjudicated Fact

In this motion, Plaintiff refers to a case he filed in Maricopa County Superior Court, case #CV 19-004014, naming Charles Ryan and others as defendants.  On January 3, 2020, the Superior Court granted the defendants' motion to dismiss the case as barred by Arizona Revised Statutes §§ 31-201.01(L) and 12-821.01.[4]  Plaintiff apparently believes that he prevailed on a claim in the state court action or that dismissal of that action somehow violated double jeopardy.  Whatever Plaintiff is attempting to assert as a basis for any relief fails because federal courts lack jurisdiction to review state court decisions.  *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).  This motion will be denied to the extent that any relief is sought therein.

### B.     Motion for Entry of Default Judgment

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a); 42 U.S.C. § 1997e(c).  A defendant is not required to respond to such a complaint until ordered to do so by the Court following screening.  *Id.*  No Defendant in this case has been served or ordered to respond to the Complaint or First Amended Complaint.  Further, entry of default has not been entered by the Court.  Therefore, Plaintiff's motion for entry of default judgment will be denied.

### C.     Motion to Enforce 18 U.S.C. § 2518(9)

Section 2518(9) of title 18 provides that:

> The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was

---

[4]     *See*  http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Civil/012020/m8993998.pdf (last accessed Apr. 8, 2020).

1
2
3

authorized or approved.  This ten-day period may be waived by the judge if he finds that it was not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding and that the party will not be prejudiced by the delay in receiving such information.

4
5
6
7
8

Plaintiff states that he was subject to a wiretap in 2006, and implies that evidence therefrom was presented in his Maricopa County Superior Court criminal proceedings, case #CR2006-009614.  Plaintiff claims that wiretap information cannot be disclosed in a federal court unless each party is provided at least ten days' notice.  As described in Plaintiff's habeas corpus case,

9
10
11
12
13
14
15
16
17
18

> On October 6, 2006, Petitioner was indicted on more than 70 counts of various criminal offenses relating to the running of a prostitution enterprise, including counts of kidnapping, sexual assault and sexual abuse. On November 9, 2007, Petitioner pled guilty to two counts of Conspiracy to Illegally Control an Enterprise, a class 2 felony with one prior felony conviction (Counts 3, 4), one count of Unlawful Use of a Wire or Electronic Communication, a class 4 felony with one prior felony conviction (Count 67), one count of Conspiracy (to commit burglary), a class 3 felony with one prior conviction (Count 81), one count of Kidnapping, a class 2 felony (Count 12), one count of Illegal Control of an Enterprise, a class 3 felony (Count 2), one count of Attempted Child Prostitution, a class 3 felony (Count 35), and one count of Pandering, a class 5 felony (Count 75).  Petitioner was subsequently sentenced to an aggregate prison sentence of 16 years, to be followed by a probationary term of five years once released from the Department of Corrections.

19

*Hill v. White*, No. CV10-01339-PHX-GMS (D. Ariz. Nov. 24, 2010), Doc. 30 at 2.

20
21
22
23
24

Plaintiff fails to set forth any facts to support that any wiretap evidence was received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in Federal or State court.  But even if Plaintiff had, any alleged failure to comply with § 2518(9) should have been raised in Plaintiff's criminal case or on review therefrom.  For these reasons, Plaintiff's motion will be denied.

25

### D.    Motion to Stay

26
27
28

Finally, Plaintiff has filed a motion to stay.  Plaintiff seeks a stay until Defendants answer the Complaint.  As discussed above, the Complaint was dismissed.  Therefore, no answer has been, or will be, filed to the Complaint.  Consequently, there is no basis to stay

JDDL

this case and Plaintiff's motion will be denied.

**IV.    Warnings**

    **A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of

the Court).

**IT IS ORDERED:**

(1)   The First Amended Complaint (Doc. 23) is **dismissed** for failure to comply with Court Order to use the court-approved form complaint for use by prisoners.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)   If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(3)   The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(4)   Plaintiff's "Motion of Notice of Adjudicated Fact Presented Rule of Evidence 201" (Doc. 24), motion for entry of default judgment (Doc. 26), motion to enforce 18 U.S.C. § 2518(9) (Doc. 27), and motion to stay (Doc. 28) are **denied**.

Dated this 20th day of April, 2020.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|

Phoenix & Prescott Divisions:     **OR**     Tucson Division:
U.S. District Court Clerk                           U.S. District Court Clerk
U.S. Courthouse, Suite 130                      U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10      405 West Congress Street
Phoenix, Arizona  85003-2119              Tucson, Arizona  85701-5010

7.   Change of Address.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   Certificate of Service.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

     I hereby certify that a copy of the foregoing document was mailed
     this _____ (month, day, year) to:
     Name: _____
     Address:_____
                    Attorney for Defendant(s)
     _____
     (Signature)

9.   Amended Complaint.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   Exhibits.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   Letters and Motions.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   Completing the Civil Rights Complaint Form.

**HEADING:**

1.   Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   Jury Demand.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   Location.   Identify the institution and city where the alleged violation of your rights occurred.

3.   Defendants.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO**. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

**550/555**

**B.   DEFENDANTS**

1.   Name of first Defendant: _____.  The  first  Defendant  is  employed
as: _____ at_____.
(Position and Title)                                                          (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
(Position and Title)                                                          (Institution)

3.   Name of third Defendant: _____.  The  third  Defendant  is  employed
as: _____ at_____.
(Position and Title)                                                          (Institution)

4.   Name of fourth Defendant: _____.  The  fourth  Defendant  is  employed
as: _____ at_____.
(Position and Title)                                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.   PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
  ☐ Basic necessities        ☐ Mail        ☐ Access to the court      ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property     ☐ Exercise of religion     ☐ Retaliation
  ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count I?      ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level?      ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities           ☐ Mail           ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property       ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count II?           ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?          ☐ Yes      ☐ No
b.   Did you submit a request for administrative relief on Count III?          ☐ Yes      ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?          ☐ Yes      ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                          SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.