WO                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isiah Romont Hill, | No. CV 19-05693-PHX-JAT (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona Department of Corrections, | |
| Defendant. | |

On August 20, 2019, Plaintiff Isiah Romont Hill, who is in the custody of the Arizona Department of Corrections (ADC), filed a "State Court Complaint" in Maricopa County Superior Court case #CV 2019-004926 against several Defendants, including ADC. (Doc. 1-3 at 3-6.)[1] In his Complaint, Plaintiff asserted violations of his First through Fourteenth Amendment rights allegedly stemming from a use of excessive force and restrictions on seeing one of his children. The State of Arizona was served on October 30, 2019.[2] On November 27, 2019, the State and ADC removed the case to this Court based upon federal question subject matter jurisdiction. (Doc. 1.)

On December 5, 2019, Plaintiff filed a motion to strike the notice of removal (Doc. 4), which the Court construed as a motion to remand this case to state court. On

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

[2] Although the State of Arizona was not a named Defendant, it was served with the Complaint and noted that to the extent Plaintiff sought relief against ADC, the State was the real party in interest.

JDDL

December 9, 2019, Plaintiff filed two notices (Docs. 5 and 6.)  On December 12, 2019, Defendant filed a response to Plaintiff's motion to strike (Doc. 7).  On December 18, 2019, Plaintiff filed a motion to proceed (Doc. 8) and a motion to suppress (Doc. 9).  On January 2, 2020, Plaintiff filed an objection to Prison Litigation Reform Act review (Doc. 10) and another notice (Doc. 11).  On January 8, 2020, Plaintiff filed a motion to stay (Doc. 12), and on January 14, 2020, he filed a motion for ruling on his motion to suppress (Doc. 13).

In a January 28, 2020 Order, the Court overruled Plaintiff's objection to PLRA review of his Complaint,[3] denied his notices to the extent that any relief was sought and denied his motions (Doc. 14).  The Court also dismissed the Complaint with leave to file a first amended complaint because the Complaint was not filed on the court-approved form.  (*Id.*)  The Court granted Plaintiff 30 days to file a first amended complaint using this Court's approved form complaint for use by prisoners.  (*Id.*)  The Court expressly warned Plaintiff that failure to use the court-approved form complaint could result in an amended complaint being ordered stricken.  (*Id.* at 3-4.)

On February 3, 2020—presumably before he had received the Court's January 28, 2020 Order—Plaintiff filed a motion for status seeking the status of his motion to suppress (Doc. 15).  In a February 5, 2020 Order (Doc. 16), the Court granted the motion for status to the extent that it informed him of the status of this action and his motion to suppress.  Plaintiff then filed a "Motion to Strike/or Impeach Submitted Notice of Judged Fact Rule 201" (Doc. 18).  In that motion, Plaintiff asked the Court to strike the removal of this action from the record, which the Court denied (Doc. 21).

On February 20, 2020, Plaintiff filed a First Amended Complaint (Doc. 23) but did not comply with the Order to use the court-approved form.  Plaintiff also filed a "Motion of Notice of Adjudicated Fact Presented Rule of Evidence 201" (Doc. 24); a motion for entry of default judgment (Doc. 26); a motion to enforce 18 U.S.C. § 2518(9) (Doc. 27); and a motion to stay (Doc. 28).  In an April 20, 2020, Order, the Court dismissed the First Amended Complaint for failure to comply with court orders and denied Plaintiff's motions.

---

[3] *See* 28 U.S.C. § 1915A(a).

The Court granted Plaintiff an additional opportunity to file an amended complaint using the court-approved form (Doc. 30).

Plaintiff has filed a motion for reconsideration of the denial of Plaintiff's motion for entry of default judgment (Doc. 34) and a motion to stay this case until the Court resolves Plaintiff's reconsideration motion (Doc. 33). The Court will deny the motion for reconsideration and the motion to stay and will sua sponte grant Plaintiff a final extension of time to file a second amended complaint.

**I.     Reconsideration**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

Plaintiff seeks reconsideration of the denial of his motion for entry of default judgment. With respect to that motion, the Court stated,

> The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of

a governmental entity. 28 U.S.C. § 1915A(a); 42 U.S.C. § 1997e(c). A defendant is not required to respond to such a complaint until ordered to do so by the Court following screening. *Id.* No Defendant in this case has been served or ordered to respond to the Complaint or First Amended Complaint. Further, entry of default has not been entered by the Court. Therefore, Plaintiff's motion for entry of default judgment will be denied.

(Doc. 30 at 5.)

Plaintiff correctly notes that the Court erred by stating that no Defendant had been served; as noted above, ADC had been served. Plaintiff also argues that the served Defendant was required to respond in compliance with Rule 81(c) of the Federal Rules of Civil Procedure following removal.

Although the Court erroneously stated that no defendant had been served, the Court correctly stated that no Defendant had been ordered to respond to the Complaint following screening, and that remains the case. Indeed, unless and until Plaintiff files a second amended complaint, there is no operative complaint for any Defendant to respond to. Moreover, as the Court correctly stated, Plaintiff failed to seek or obtain an entry of default by the Clerk of Court before seeking entry of default judgment. Fed. R. Civ. P. 55(a). Thus, while the Court erred in stating that no Defendant had been served, that error did not affect the Court's ruling; Plaintiff's failure to seek and obtain entry of default by the Clerk prevented him from obtaining a default judgment.[4] Plaintiff's motion for reconsideration will therefore be denied. Because Plaintiff's motion for reconsideration is being denied, his motion for stay pending resolution of his motion for reconsideration will also be denied.

**II.   Warnings**

**A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this

---

[4] In addition, neither the State of Arizona, nor ADC is a "person" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not include a state or state agency). Thus, damages against either for constitutional violations are unavailable under § 1983.

action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's motion for reconsideration (Doc. 34) is **denied**.

(2) Plaintiff's motion to stay (Doc. 33) is **denied**.

(3) Plaintiff is **granted** an additional **30 days** from the date this Order is filed to file a second amended complaint in compliance with the April 20, 2020 Order, Doc. 30.

(4) The Clerk of Court must enter a judgment of dismissal without prejudice of this action, without further notice to Petitioner, **if** Petitioner fails to submit a second amended complaint on the court-approved form within 30 days from the filing date of this Order and deny any pending unrelated motions as moot.

Dated this 8th day of June, 2020.

James A. Teilborg
Senior United States District Judge