WO                                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Isiah Romont Hill,

                          Plaintiff,

v.

Arizona Department of Corrections,

                          Defendant.

No.   CV 19-05693-PHX-JAT (MTM)

**ORDER**

## I.      Background

On August 20, 2019, Plaintiff Isiah Romont Hill, who is in the custody of the Arizona Department of Corrections (ADC), filed a "State Court Complaint" in Maricopa County Superior Court case #CV 2019-004926 against several Defendants, including ADC. (Doc. 1-3 at 3-6.)[1]  In his Complaint, Plaintiff asserted violations of his First through Fourteenth Amendment rights allegedly stemming from a use of excessive force and restrictions on seeing one of his children.  The State of Arizona was served on October 30, 2019.[2]  On November 27, 2019, the State and ADC removed the case to this Court based upon federal question subject matter jurisdiction.  (Doc. 1.)

. . . .

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

[2] Although the State of Arizona was not a named Defendant, it was served with the Complaint and noted that to the extent Plaintiff sought relief against ADC, the State was the real party in interest.  However, ADC is not a proper Defendant to a § 1983 claim.

JDDL

On December 5, 2019, Plaintiff filed a motion to strike the notice of removal (Doc. 4), which the Court construed as a motion to remand this case to state court. On December 9, 2019, Plaintiff filed two notices (Docs. 5 and 6.) On December 12, 2019, Defendant filed a response to Plaintiff's motion to strike (Doc. 7). On December 18, 2019, Plaintiff filed a motion to proceed (Doc. 8) and a motion to suppress (Doc. 9). On January 2, 2020, Plaintiff filed an objection to Prison Litigation Reform Act review (Doc. 10) and another notice (Doc. 11). On January 8, 2020, Plaintiff filed a motion to stay (Doc. 12), and on January 14, 2020, he filed a motion for ruling on his motion to suppress (Doc. 13).

In a January 28, 2020 Order, the Court overruled Plaintiff's objection to PLRA review of his Complaint,[3] denied his notices to the extent that any relief was sought and denied his motions (Doc. 14). The Court also dismissed the Complaint with leave to file a first amended complaint on the court-approved form within 30 days.[4] (*Id.*)

On February 3, 2020—presumably before he had received the Court's January 28, 2020 Order—Plaintiff filed a motion for status of his motion to suppress (Doc. 15). In a February 5, 2020 Order (Doc. 16), the Court granted the motion for status to the extent that it informed him of the status of this action and his motion to suppress. Plaintiff then filed a "Motion to Strike/or Impeach Submitted Notice of Judged Fact Rule 201" (Doc. 18). In that motion, Plaintiff asked the Court to strike the removal of this action from the record, which the Court denied (Doc. 21).

On February 20, 2020, Plaintiff filed a First Amended Complaint (Doc. 23) but did not comply with the Order to use the court-approved form. Plaintiff also filed, among other motions, a motion for entry of default judgment (Doc. 26). In an April 20, 2020, Order, the Court dismissed the First Amended Complaint for failure to comply with court orders and denied Plaintiff's motions. The Court granted Plaintiff an additional opportunity to

---

[3] *See* 28 U.S.C. § 1915A(a).

[4] The Court granted Plaintiff 30 days to file a first amended complaint using this Court's approved form complaint for use by prisoners. (*Id.*) The Court expressly warned Plaintiff that failure to use the court-approved form complaint could result in an amended complaint being ordered stricken. (*Id.* at 3-4.)

file an amended complaint using the court-approved form (Doc. 30).

On June 1, 2020, Plaintiff filed a motion for reconsideration of the denial of Plaintiff's motion for entry of default judgment (Doc. 34).  In an Order filed on June 8, 2020, the Court denied the motion for reconsideration (Doc. 35) but granted Plaintiff a final 30-day extension of time to file a second amended complaint using the court-approved order.

**II.   Recent Filings**

On June 11, 2020, Plaintiff filed a motion for an extension of time to file an amended complaint because he was on a locked-down yard (Doc. 36).  Plaintiff also requests the status of his "default motion."  Plaintiff apparently submitted this motion prior to receiving a copy of the Court's June 8 Order, which granted Plaintiff a final 30-day extension of time to file a second amended complaint using the court-approved form and denied his motion for reconsideration.  Because the Court already granted Plaintiff an extension, it will deny Plaintiff's June 11, 2020 motion as moot.  The motion for status is granted to the extent stated herein.

On June 15, 2020, Plaintiff filed a motion to stay all proceedings (Doc. 37).  Plaintiff again sought a stay "until his Declaration for entry of default [wa]s decided."  On June 15, 2020, Plaintiff filed an application for entry of default (Doc. 38).  Plaintiff subsequently filed another motion to stay (Doc. 39), a motion for entry of default judgment (Doc. 41), a motion for a permanent injunction (Doc. 42), a request for the court-approved form complaint (Doc. 43), an amended motion for default judgment (Doc. 44), a declaration in support of his amended motion for default judgment (Doc. 45), a motion for status of his motion for default judgment and other filings (Doc. 46), an objection to the PLRA (Doc. 48), a motion for default judgment (Doc. 49) and supporting declaration (Doc. 50), a Second Amended Complaint (Doc. 51), a motion to nullify Second Amended Complaint (Doc. 52), a motion to stay Second Amended Complaint (Doc. 54), an extended reply (Doc. 54) to Defendant's notice of non-response, and an extended reply (Doc. 55) to Defendants' notice of non-response.

### III.    Motion for Stay

As noted herein, the Court denied Plaintiff's motion for entry of default judgment, Doc. 30, and it denied Plaintiff's motion for reconsideration of the denial of that motion, Doc. 35. The Court will deny the June 15, 2020 motion to stay (Doc. 37) as moot.

### IV.    Motions for Status

Plaintiff's motions for status will be granted to the extent the status of this case is discussed herein. (Docs. 36, 43, & 46.)

### V.    Motions for Entry of Default and Entry of Default Judgment

Plaintiff's motions for entry of default and entry of default judgment will be denied. The Court previously denied Plaintiff's motions for entry of default judgment and his motion for reconsideration for the denial of entry of default judgment. Plaintiff's belated attempts to obtain entry of default and his duplicative motions for entry of default judgment will be denied. (Docs. 38, 41, 44, 45,49.)

### VI.    Motion for Permanent Injunction

Plaintiff seeks a permanent injunction against his continued incarceration. (Doc. 42.) Plaintiff may not obtain release from incarceration in a civil rights case. Generally, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas a civil rights action is the proper channel for "requests for relief turning on circumstances of confinement." *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see Hill v. McDonough*, 547 U.S. 573, 579 (2006); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Accordingly, Plaintiff's motion for an injunction will be denied without prejudice to Plaintiff filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.

### VII.    Motion to Nullify and Motion to Stay

Plaintiff filed a Second Amended Complaint followed by a motion to nullify it and a motion to stay the Second Amended Complaint. Plaintiff's motions to nullify or stay the Second Amended Complaint will be denied. The Court will dismiss the Second Amended Complaint for failure to state a claim and will grant Plaintiff an opportunity to file a third

1  amended complaint.  The Court will deny the balance of Plaintiff's pending filings to the
2  extent that any relief is sought therein.

3  **VIII.   Statutory Screening of Prisoner Complaints**

4        The Court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or an officer or an employee of a governmental entity.  28
6  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff
7  has raised claims that are legally frivolous or malicious, that fail to state a claim upon which
8  relief may be granted, or that seek monetary relief from a defendant who is immune from
9  such relief.  28 U.S.C. § 1915A(b)(1)-(2).

10        A pleading must contain a "short and plain statement of the claim *showing* that the
11  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does
12  not demand detailed factual allegations, "it demands more than an unadorned, the-
13  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
14  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
15  conclusory statements, do not suffice."  *Id.*

16        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
17  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
18  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
19  that allows the court to draw the reasonable inference that the defendant is liable for the
20  misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for
21  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
22  experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual
23  allegations may be consistent with a constitutional claim, a court must assess whether there
24  are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

25        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
26  must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342
27  (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent
28  standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**IX.    Second Amended Complaint**

In his two count Second Amended Complaint, Plaintiff asserts claims for excessive force and denial of basic necessities.[5]   Plaintiff sues the State of Arizona; the former Director of the Arizona Department of Corrections (ADC), Charles Ryan; ADC Sergeant David G. Dickey; and Corrections Officers (COs) Badge# 1777, DeFeo, Slade, David Thomson, and Garrett M. Hyle.  Plaintiff seeks compensatory relief.

Plaintiff designates Count I as a claim for excessive force.  However, in Count I, Plaintiff alleges that each of the Defendants stopped him from seeing one of his children "by means of there [sic] policys/requirements/fence."  He claims Defendants' acts were unconstitutional and that he had immunity.  As his injury, Plaintiff alleges emotional and mental harm, insomnia, illness, and stress.

Plaintiff designates Count II as a claim for denial of basic necessities.  Under "Supporting Facts," Plaintiff merely states, "same as Count #1," and claims ADC lacks jurisdiction over him to enforce their policies.  Plaintiff alleges no injury.

**X.    Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and

---

[5]   In pages attached to the Second Amended Complaint, Plaintiff purports to incorporate alleged rulings concerning his conviction and his motions for default and default judgment in this case.  The attached pages will be disregarded as irrelevant to Plaintiff's claims in his Second Amended Complaint.

(4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.    Count I

Plaintiff designates Count I as a claim for use of excessive force.  When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  However, the Supreme Court has made it clear that not every use of physical force violates the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.  *See Johnson v. Glick*, 481 F.2d [1028, 1033 (2nd Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

*Id.* at 9.

Plaintiff fails to allege any facts to support when, where, or how any Defendant used excessive physical force against him.  Accordingly, Plaintiff fails to state a claim for excessive force.

In Count I, Plaintiff alleges that "Defendants" stopped him from seeing one of his children.  Thus, it appears that Plaintiff may be attempting to assert a violation of his right of association with his child.

The substantive due process right to familial association is well established.  *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1079 (9th Cir. 2010).[6]  Parents possess a

---

[6] There are also First Amendment rights to familial association.  *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001).

"fundamental liberty interest" in companionship with their children. *Id.*; *see Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion) ("the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court"). The extent to which this right survives incarceration is unclear. *See Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (declining to determine the extent to which familial association right survives incarceration because prison visitation limits were rationally related to legitimate penological interests) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *Dunn v. Castro*, 621 F.3d 1196, 1201, 1202 (9th Cir. 2010) (distinguishing incarcerated plaintiff's right to visits with his child from an "ordinary father['s] . . . general right to a relationship with his child"; finding instructive the *Overton* Court's "hesitation in articulating the existence and nature" of such a right in the context of visitation). "Official conduct that 'shocks the conscience' in depriving parents of [a relationship with their children] is cognizable as a violation of due process[.]" *Capp v. County of San Diego*, 940 F.3d 1046, 1060 (9th Cir. 2019) (quoting *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) (alteration in *Capp*)). "While the right [to familial association] is a fundamental liberty interest, officials may interfere with the right if they provide the parents with fundamentally fair procedures." *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (internal citations and quotations omitted).

Plaintiff fails to allege facts to support when, how, or what each Defendant did that violated his right of familial association. He also fails to allege whether any Defendant provided a basis for his or her purported denial of visitation. Accordingly, Plaintiff also fails to state a claim for denial of associational rights.

For the reasons discussed, Plaintiff fails to state a claim in Count I and it will be denied.

### B.    Count II

As noted above, Plaintiff purports to assert a claim for denial of basic necessities or an unconstitutional conditions-of-confinement claim based upon the same allegations in Count I. To state a claim for unconstitutional conditions, a plaintiff must allege an

objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994); *see Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002). That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm. *Farmer*, 511 U.S. at 834. "The circumstances, nature, and duration of a deprivation of [] necessities must be considered in determining whether a constitutional violation has occurred." *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). Further, whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition. *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978)).

A plaintiff must also allege facts to support that a defendant acted with deliberate indifference. Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. To state a claim of deliberate indifference, a plaintiff must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834 (citations omitted). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with deliberate indifference to inmate health or safety. *Id.* (citations omitted). In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837 (emphasis added).

Plaintiff fails to allege any facts to support that he has been denied basic necessities or subjected to any unconstitutional condition other than the purported interference with his right to familial association. The Eighth Amendment does not give rise to a right to family integrity and familial association. *Seawright v. Arizona*, No. CV 11-1304-PHX-

JAT, 2013 WL 4758227, at *10 (D. Ariz. Sept. 4, 2013).  Accordingly, Plaintiff fails to state a claim in Count II.

## XI.    Leave to Amend

For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a third amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a third amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the third amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint."  The third amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or prior Amended Complaints by reference.  Plaintiff may include only one claim per count.

A third amended complaint supersedes the original Complaint and prior Amended Complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and prior Amended Complaints as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or a prior Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a third amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## XII.   Warnings

### A.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's motions for status (Docs. 36, 43, & 46) are **granted** to the extent discussed herein and are otherwise **denied**.

(2)     Plaintiff's remaining motions (Docs. 37-39, 41, 42, 44, 49, 52, & 54) are **denied**.

(3)     Plaintiff's filings (Docs. 40, 45, 48, 50, 53, & 55) are **denied** to the extent that any relief is sought therein.

(4)     The Second Amended Complaint (Doc. 51) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

(5)     If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 22nd day of July, 2020.

James A. Teilborg
Senior United States District Judge

## Instructions for a Prisoner Filing a Civil Rights Complaint
## in the United States District Court for the District of Arizona

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

<u>Phoenix & Prescott Divisions</u>:    **OR**    <u>Tucson Division</u>:

| | |
|---|---|
| U.S. District Court Clerk | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | Tucson, Arizona   85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  *See* Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

    A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name: _____
> Address:_____
>             Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2. <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3. <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.  Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  Issue Involved.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  Supporting Facts.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  Injury.   State precisely how you were injured by the alleged violation of your rights.

5.  Administrative Remedies.  You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
                    (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/11/16                                    1

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The  first  Defendant  is  employed
as: _____ at_____.
(Position and Title)                                      (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
(Position and Title)                                      (Institution)

3.   Name of third Defendant: _____.  The  third  Defendant  is  employed
as: _____ at_____.
(Position and Title)                                      (Institution)

4.   Name of fourth Defendant: _____.  The  fourth  Defendant  is  employed
as: _____ at_____.
(Position and Title)                                      (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

  a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

  b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

  c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number:  _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

**D.   CAUSE OF ACTION**

**COUNT I**

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail                ☐ Access to the court       ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property            ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count I?             ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
   _____.

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail           ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property       ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes      ☐ No
b.   Did you submit a request for administrative relief on Count II?          ☐ Yes      ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes      ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**

   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes     ☐ No

   b.   Did you submit a request for administrative relief on Count III?          ☐ Yes     ☐ No

   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes     ☐ No

   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.