WO                                                                                                   SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isiah Romont Hill, | No. CV 19-05693-PHX-JAT (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona Department of Corrections, | |
| Defendant. | |

**I.   Background**

On August 20, 2019, Plaintiff Isiah Romont Hill, who is in the custody of the Arizona Department of Corrections (ADC), filed a "State Court Complaint" in Maricopa County Superior Court case #CV 2019-004926 against several Defendants, including ADC. (Doc. 1-3 at 3-6.)[1] In his Complaint, Plaintiff asserted violations of his First through Fourteenth Amendment rights allegedly stemming from a use of excessive force and restrictions on seeing one of his children. The State of Arizona was served on October 30, 2019.[2] On November 27, 2019, the State and ADC removed the case to this Court based upon federal question subject matter jurisdiction. (Doc. 1.)

On December 5, 2019, Plaintiff filed a motion to strike the notice of removal

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

[2] Although the State of Arizona was not a named Defendant, it was served with the Complaint and noted that to the extent Plaintiff sought relief against ADC, the State was the real party in interest. However, ADC is not a proper Defendant to a § 1983 claim.

JDDL

(Doc. 4), which the Court construed as a motion to remand this case to state court. On December 9, 2019, Plaintiff filed two notices (Docs. 5 and 6.) On December 12, 2019, Defendant filed a response to Plaintiff's motion to strike (Doc. 7). On December 18, 2019, Plaintiff filed a motion to proceed (Doc. 8) and a motion to suppress (Doc. 9). On January 2, 2020, Plaintiff filed an objection to Prison Litigation Reform Act review (Doc. 10) and another notice (Doc. 11). On January 8, 2020, Plaintiff filed a motion to stay (Doc. 12), and on January 14, 2020, he filed a motion for ruling on his motion to suppress (Doc. 13).

In a January 28, 2020 Order, the Court overruled Plaintiff's objection to PLRA review of his Complaint,[3] denied his notices to the extent that any relief was sought and denied his motions (Doc. 14). The Court also dismissed the Complaint with leave to file a first amended complaint on the court-approved form within 30 days.[4] (*Id.*)

On February 3, 2020—presumably before he had received the Court's January 28, 2020 Order—Plaintiff filed a motion for status of his motion to suppress (Doc. 15). In a February 5, 2020 Order (Doc. 16), the Court granted the motion for status to the extent that it informed him of the status of this action and his motion to suppress. Plaintiff then filed a "Motion to Strike/or Impeach Submitted Notice of Judged Fact Rule 201" (Doc. 18). In that motion, Plaintiff asked the Court to strike the removal of this action from the record, which the Court denied (Doc. 21).

On February 20, 2020, Plaintiff filed a First Amended Complaint (Doc. 23) but did not comply with the Order to use the court-approved form. Plaintiff also filed, among other motions, a motion for entry of default judgment (Doc. 26). In an April 20, 2020, Order, the Court dismissed the First Amended Complaint for failure to comply with court orders and denied Plaintiff's motions. The Court granted Plaintiff an additional opportunity to file an amended complaint using the court-approved form (Doc. 30).

---

[3] *See* 28 U.S.C. § 1915A(a).

[4] The Court granted Plaintiff 30 days to file a first amended complaint using this Court's approved form complaint for use by prisoners. (*Id.*) The Court expressly warned Plaintiff that failure to use the court-approved form complaint could result in an amended complaint being stricken. (*Id.* at 3-4.)

1   On June 1, 2020, Plaintiff filed a motion for reconsideration of the denial of
2   Plaintiff's motion for entry of default judgment (Doc. 34).  In an Order filed on June 8,
3   2020, the Court denied the motion for reconsideration (Doc. 35) but granted Plaintiff a final
4   30-day extension of time to file a second amended complaint using the court-approved
5   order.

6   On June 11, 2020, Plaintiff filed a motion for an extension of time to file an amended
7   complaint because he was on a locked-down yard (Doc. 36).

8   On June 15, 2020, Plaintiff filed a motion to stay all proceedings (Doc. 37).  Plaintiff
9   again sought a stay "until his Declaration for entry of default [wa]s decided."  On June 15,
10  2020, Plaintiff filed an application for entry of default (Doc. 38).  Plaintiff subsequently
11  filed another motion to stay (Doc. 39), a motion for entry of default judgment (Doc. 41), a
12  motion for a permanent injunction (Doc. 42), a request for the court-approved form
13  complaint (Doc. 43), an amended motion for default judgment (Doc. 44), a declaration in
14  support of his amended motion for default judgment (Doc. 45), a motion for status of his
15  motion for default judgment and other filings (Doc. 46), an objection to the PLRA (Doc.
16  48), a motion for default judgment (Doc. 49) and supporting declaration (Doc. 50), a
17  Second Amended Complaint (Doc. 51), a motion to nullify Second Amended Complaint
18  (Doc. 52), a motion to stay Second Amended Complaint (Doc. 54), an extended reply (Doc.
19  54) to Defendant's notice of non-response, and an extended reply (Doc. 55) to Defendants'
20  notice of non-response.

21  In an Order filed on July 23, 2020, the Court denied Plaintiff's motions except to
22  the extent that the Court addressed the status therein and dismissed the Second Amended
23  Complaint with leave to amend (Doc. 56).  On July 29, 2020, Plaintiff filed an objection
24  (Doc. 57).  Plaintiff also has filed a motion for reconsideration (Doc. 58) and a motion for
25  clarification (Doc. 59).  The Court will overrule Plaintiff's objection and deny the motions.

26  In his objection, Plaintiff claims that this case was improperly removed and claims
27  that the Defendant failed to timely respond to the original Complaint filed in state court.
28  The Court previously addressed these contentions and found them without merit.

Plaintiff's objection will be overruled.

In his motion for reconsideration, Plaintiff claims that he cured the failure to obtain entry of default before he filed his motion for default judgment.[5]  He further contends that his motions were denied because he is Black.  In his motion for clarification, Plaintiff seeks clarification regarding the denial of his motion for entry of default and motion to nullify.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).  Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The undersigned had no knowledge of Plaintiff's race and Plaintiff's race played no role in the July 23, 2020 Order.  Otherwise, the Court finds no basis to reconsider or clarify its last Order.  Therefore, the Court will deny Plaintiff's motion for reconsideration and his motion for clarification.  Plaintiff may seek relief on appeal to the extent that he disagrees

---

[5] Plaintiff's contention is inaccurate.  The Court denied Plaintiff's motion for entry of default judgment before Plaintiff sought entry of default.  The Clerk of Court did not and has not entered default.

1 | with rulings in this case.

**II.   Warnings**

    **A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **B.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's objection (Doc. 57) to the July 23, 2020 Order, Doc. 56, is **overruled**.

(2) Plaintiff's motions for reconsideration and clarification (Docs. 58-59) are **denied**.

Dated this 4th day of August, 2020.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge