WO                                                                                                                    SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isiah Romont Hill,<br><br>               Plaintiff,<br><br>v.<br><br>Arizona Department of Corrections, et al.,<br><br>               Defendants. | No.  CV 19-05693-PHX-JAT (MTM)<br><br><br>**ORDER** |

**I.    Procedural Background**

On August 20, 2019, Plaintiff Isiah Romont Hill, who is in the custody of the Arizona Department of Corrections (ADC), filed a "State Court Complaint" in Maricopa County Superior Court case #CV 2019-004926 against several Defendants, including ADC. (Doc. 1-3 at 3-6.)[1] In his Complaint, Plaintiff asserted violations of his First through Fourteenth Amendment rights allegedly stemming from the use of excessive force and restrictions on seeing one of his children. The State of Arizona was served on October 30, 2019.[2] On November 27, 2019, the State and ADC removed the case to this Court based upon federal question subject matter jurisdiction. (Doc. 1.)

On December 5, 2019, Plaintiff filed a motion to strike the notice of removal

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

[2] Although the State of Arizona was not a named Defendant, it was served with the Complaint and has noted that, to the extent Plaintiff seeks relief against ADC, the State is the real party in interest.

(Doc. 4), which the Court construed as a motion to remand to state court. On December 9, 2019, Plaintiff filed two notices (Docs. 5 and 6). On December 12, 2019, Defendants filed a response to Plaintiff's motion to strike (Doc. 7). On December 18, 2019, Plaintiff filed a motion to proceed (Doc. 8) and a motion to suppress (Doc. 9). On January 2, 2020, Plaintiff filed an objection to Prison Litigation Reform Act (PLRA) review (Doc. 10) and another notice (Doc. 11). On January 8, 2020, Plaintiff filed a motion to stay (Doc. 12), and on January 14, 2020, he filed a motion for ruling on his motion to suppress (Doc. 13).

In a January 28, 2020 Order, the Court overruled Plaintiff's objection to PLRA review of his Complaint,[3] denied his notices to the extent that any relief was sought and denied his motions (Doc. 14). The Court also dismissed the Complaint with leave to file a first amended complaint on the court-approved form within 30 days.[4] (*Id.*)

On February 3, 2020—apparently before he had received the Court's January 28, 2020 Order—Plaintiff filed a motion for the status of his motion to suppress (Doc. 15). In a February 5, 2020 Order (Doc. 16), the Court granted the motion for status to the extent the February 5 Order informed him of the status of this action and his motion to suppress. Plaintiff then filed a "Motion to Strike/or Impeach Submitted Notice of Judged Fact Rule 201" (Doc. 18). In that motion, which the Court denied in a February 14, 2020 Order (Doc. 21), Plaintiff asked the Court to strike the removal of this action from the record.

On February 20, 2020, Plaintiff filed a First Amended Complaint (Doc. 23) but did not comply with the Order to use the court-approved form. Plaintiff also filed, among other motions, a motion for entry of default judgment (Doc. 26). In an April 20, 2020, Order, the Court dismissed the First Amended Complaint for failure to comply with court orders and denied Plaintiff's motions. The Court granted Plaintiff an additional opportunity to file an amended complaint using the court-approved form (Doc. 30).

---

[3] *See* 28 U.S.C. § 1915A(a).

[4] The Court granted Plaintiff 30 days to file a first amended complaint using this Court's approved form complaint for use by prisoners. (*Id.*) The Court expressly warned Plaintiff that failure to use the court-approved form complaint could result in an amended complaint being ordered stricken. (*Id.* at 3-4.)

On June 1, 2020, Plaintiff filed a motion for reconsideration of the denial of his motion for entry of default judgment (Doc. 34). In an Order filed on June 8, 2020, the Court denied the motion for reconsideration (Doc. 35) but granted Plaintiff a 30-day extension of time to file a second amended complaint using the court-approved order. (Doc. 35.)

On June 11, 2020, presumably prior to receiving a copy of the Court's June 8 Order, Plaintiff filed a motion for an extension of time to file an amended complaint because he was on a locked-down yard (Doc. 36). Plaintiff also requested the status of his "default motion." On June 15, 2020, Plaintiff filed a motion to stay all proceedings "until his Declaration for entry of default [wa]s decided." (Doc. 37.) Plaintiff also filed an application for entry of default (Doc. 38). Plaintiff subsequently filed another motion to stay (Doc. 39), a motion for entry of default judgment (Doc. 41), a motion for a permanent injunction (Doc. 42), a request for the court-approved form complaint (Doc. 43), an amended motion for default judgment (Doc. 44), a declaration in support of his amended motion for default judgment (Doc. 45), a motion for status of his motion for default judgment and other filings (Doc. 46), an objection to the PLRA (Doc. 48), a motion for default judgment (Doc. 49) and supporting declaration (Doc. 50), a Second Amended Complaint (Doc. 51), a motion to nullify Second Amended Complaint (Doc. 52), a motion to stay Second Amended Complaint (Doc. 54), an extended reply (Doc. 54) to Defendant's notice of non-response, and an extended reply (Doc. 55) to Defendants' notice of non-response.

In an Order filed on July 23, 2020, the Court dismissed the Second Amended Complaint with leave to amend and denied Plaintiff's motions except to the extent that the Court addressed the status of filings (Doc. 56). On July 29, 2020, Plaintiff filed an objection (Doc. 57), a motion for reconsideration (Doc. 58), and a motion for clarification (Doc. 59). The Court overruled Plaintiff's objection and denied the motions (Doc. 61).

On August 3, 2020, Plaintiff filed a "Motion for the Record and to Report Judicial Misconduct and a Violation of due process/Render Void" (Doc. 60). On August 10, 2020,

Plaintiff filed a motion to dismiss his August 3 Motion (Doc. 62). In addition, Plaintiff filed yet another motion for entry of default (Doc. 63) and motion for entry of default judgment (Doc. 64), a motion for clarification (Doc. 65), a Third Amended Complaint (Doc. 66), a motion to amend the Third Amended Complaint (Doc. 67) and a one-page attachment to the Third Amended Complaint (Doc. 68), a notice of PLRA (Doc. 69), a notice of filing habeas corpus case (Doc. 70), a motion for entry of a permanent injunction (Doc. 71), a motion for status of his motion for entry of a permanent injunction (Doc. 72), a supplement to the motion for permanent injunction (Doc. 73), an amended motion for status of default (Doc. 75) that mooted a previous motion, and a motion for hearing (Doc. 78).

In a January 21, 2021 Order, the Court granted Plaintiff's motions for status to the extent discussed therein, granted his motion to dismiss, and otherwise denied Plaintiff's then-pending motions and notices to the extent that any relief was sought therein. The Court dismissed Plaintiff's Third Amended Complaint and this action (Doc. 79). Judgment was entered the same day (Doc. 80).

## II. Post-Judgment Filings

On February 2, 2021, Plaintiff filed a one-sentence "Motion Request Fact Finding and Conclusion of Law on Default Application" (Doc. 81), and a "Motion for Reconsideration" (Doc. 82). On February 16, 2021, Plaintiff filed an amended motion for reconsideration (Doc. 83) with an attachment (Doc. 84). On February 24, 2021, Plaintiff filed a motion to "suppress" the Court's January 21, 2021 Order (Doc. 85).

On March 12, 2021, Plaintiff filed a notice of appeal (Doc. 86). On March 17, 2021, the Ninth Circuit Court of Appeals issued an order stating that Plaintiff's February 2, 2021 motion for reconsideration (Doc. 82) "may constitute one of the motions listed in Federal Rule of Appellate Procedure 4(a)(4)"[5] and stayed proceedings before that court until this

---

[5] Federal Rule of Appellate Procedure (FRAP) 4(a)(4) provides

(A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure--and does so within the time allowed by those rules--the time to file an appeal runs for all parties from the entry of the

Court determined whether Plaintiff's February 2, 2021 filing fell within those listed in Rule 4(a)(4), and if so, whether it should be granted or denied (Doc. 88).

The Court will treat the February 2, February 16, and February 24 motions, and attachment, as motions for reconsideration of the January 21, 2021 Order filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

In his February 2 motions and his February 16 amended motion and attachment, Plaintiff seeks reconsideration of the dismissal of this case, and claims the Court has refused to rule on his motions for entry of default and entry of default judgment. In these filings, Plaintiff describes the following: Defendants State of Arizona and ADC were served with his original state court complaint on October 30, 2019, and on November 27, 2019, removed the complaint to this Court. Plaintiff contends that by the time Defendants removed the case to federal court, they had already defaulted in state court. Plaintiff did not, however, seek entry of default or default judgment prior to removal and neither default,

---

order disposing of the last such remaining motion:
    (i) for judgment under Rule 50(b);
    (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
    (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
    (iv) to alter or amend the judgment under Rule 59;
    (v) for a new trial under Rule 59; or
    (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.
(B)(i) If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.
    (ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal--in compliance with Rule 3(c)--within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.
    (iii) No additional fee is required to file an amended notice.

- 5 -

nor default judgment were entered by the state court prior to removal.[6] On January 28, 2020, this Court dismissed the complaint with leave to amend. Not until after the complaint had been dismissed did Plaintiff seek entry of default judgment and, later, entry of default. Plaintiff's repeated motions for entry of default and default judgment have been denied because no Defendant has ever been ordered to respond to any amended complaint, so there has been no basis for the clerk to enter default or this Court to grant default judgment.

Apart from the above, Plaintiff asserts this Court found that *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), did *not* bar his claims challenging aspects of his state criminal proceedings. Contrary to Plaintiff's assertion, the Court expressly found Plaintiff's claims challenging his state criminal proceedings were *Heck*-barred. Plaintiff provides no support to the contrary. Plaintiff's motions for reconsideration, as amended, will be denied.

In his February 24 motion, Plaintiff claims the January 21 Order contained information derived from illegal wiretaps of Plaintiff's phone in 2006, alluding to his state criminal proceedings. Plaintiff appears to refer to footnote 9 in the last Order, which merely summarized Plaintiff's state criminal proceedings, citing a Report and Recommendation that Plaintiff be denied federal habeas corpus relief. As the Court discussed in that Order, Plaintiff may not seek relief in a civil rights case for alleged constitutional violations in his criminal proceedings unless and until his criminal convictions or sentences have been invalidated. (Doc. 79 at 8-9.) Plaintiff's convictions and sentences have not been invalidated. Accordingly, Plaintiff's motion to suppress will be denied.

**IT IS ORDERED:**

(1) Plaintiff's motion for fact-finding and conclusions of law (Doc. 81) is **denied**.

(2) Plaintiff's motion for reconsideration (Doc. 81), as amended (Doc. 83), is **denied**.

---

[6] Contrary to Plaintiff's assertion, absent entry of default and default judgment, the removing Defendants could not have been deemed to have admitted the allegations in the complaint.

     (3)     Plaintiff's motion to suppress (Doc. 85) is **denied**.

Dated this 26th day of March, 2021.

*James A. Teilborg*
Senior United States District Judge